IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHISN ILLINOIS
EASTERN DIVISION DISTRICT OF

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10 B 11768 |
| Sharon B. Taylor ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Sharon B. Taylor ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 10 AP 00803 |
| CitiFinancial ) | |
| Defendant. ) | |

## FINDINGS OF FACT

**A.  The Parties**

1. The Plaintiff is Sharon B. Taylor ("Plaintiff").

2. The Defendant is CitiFinancial ("Defendant").

**B.  Factual Background**

1. On or about March 18, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 433 W. 87th Street, Chicago, IL 60620.

3. That Litton Loan Servicing holds a first mortgage lien on the real property commonly known as 433 W. 87th Street, Chicago, IL 60620, with a secured claim of $147,426.00 pursuant Plaintiff's Credit Report pulled on March 18, 2010. A proof of claim was not filed for the first mortgage lien.

10-00803:10.2:Amended Motion:Exhibit B Entered: 7/9/2010 3:42:32 PM by:Nicholas Perino Page 2 of 4

4. The Defendant holds a second mortgage lien on the real property known as 433 W. 87th Street, Chicago, IL 60620 in the approximate amount of $13,800.00 pursuant to Plaintiff's Schedule D. A proof of claim was not filed for the second mortgage lien.

5. That the Plaintiff obtained an appraisal of the property on April 8, 2010, indicating the value of 433 W. 87th Street, Chicago, IL 60620 as $130,000.00.

6. The first mortgage lien of Litton Loan Servicing is a secured claim based on the mortgage recorded on July 24, 2006 as document number 0620541010 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of CitiFinancial is a claim based on the mortgage recorded on August 17, 2007 as document number 0722954001 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $578.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

10. On April 19, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 433 W. 87th Street, Chicago, IL 60620.

11. That on April 19, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 300 St. Paul Place, Baltimore, MD 21202 and upon the registered agent at 208 S. LaSalle Street, STE 814, Chicago, IL 60604.

12.  The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13.  No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14.  No evidence has been presented to challenge the appraised value of $130,000.00.

15.  The secured claim of CitiFinancial in the amount of $13,800.00 exhausts the value and equity in Plaintiff's residence.

16.  There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1.  This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3.  This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.  The Debtor scheduled the first Litton Loan Servicing secured claim in the amount of $147,426.00 and the second CitiFinancial claim in the amount of $13,800.00.

5.  Litton Loan Servicing has not filed a proof of claim for the first mortgage lien.

6.  No proof of claim has been filed for the Plaintiff's second mortgage lien, CitiFinancial claim. The claim of CitiFinancial in the amount of $13,800.00 is second in priority and is based on the figure listed in Plaintiff's Schedule D.

7. That value of Plaintiff's residence is $130,000.00.

8. As there is no value or equity to support the second priority lien of CitiFinancial, the second CitiFinancial claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through he language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Enter:

7/23/10
_____
Date

_____
United States Bankruptcy Judge

JUL 23 2010